# Patterson Belknap Webb & Tyler LLP

1133 Avenue of the Americas    New York, NY 10036-6710    212.336.2000    fax 212.336.2222    www.pbwt.com

April 27, 2012

BY HAND DELIVERY

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 5/3/12
```

Nivritha C. Ketty
Associate
(212) 336-2429
nketty@pbwt.com

*MEMO ENDORSED*

Honorable Paul A. Engelmayer, U.S.D.J.
United States District Court for the Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007

**Re:   Robert G. Lopez v. The GAP Inc.,** *et al.,* **No. 11 CV 3185 (PAE)(JCF)**

Dear Judge Engelmayer:

We are counsel for Plaintiff Robert Lopez in the above-referenced civil trademark infringement action and write to request permission to file a 30-page memorandum of law (thus exceeding the default limit by five pages) in opposition to Defendants' Motion for Summary Judgment. Our brief is due to be filed on May 7, 2012. We make this request for two reasons. First, Defendants' principal brief, filed on March 19, 2012, raises four separate substantive arguments, three of which each address multi-factor tests and/or elements. Second, Defendants' brief appears to use 1.75 line spacing (rather than the double-spacing required by Your Honor's Individual Practices), resulting in about four extra lines per page, or, over the course of their 25-page brief, a total of more than four extra pages. With their reply, Defendants will have what amounts to up to 39 pages of briefing. Taking together the substance and length of Defendants' arguments, we believe we will need up to 30 pages to be able to respond. Accordingly, we respectfully request permission to file an opposing memorandum of law of up to 30 pages.

Respectfully submitted,

Nivritha Ketty

Nivritha C. Ketty
Patterson Belknap Webb & Tyler LLP
*Counsel for Plaintiff Robert G. Lopez*

cc:    James D. Weinberger, Esq. (by email)
       Anna P. Leipsic, Esq. (by email)
       Robert W. Lehrburger, Esq.
       Solmaz F. Firoz, Esq.

The application is granted. Defendants are granted an additional 5 pages for their reply brief.

SO ORDERED: 5/3/12

Paul A. Engelmayer

HON. PAUL A. ENGELMAYER
UNITED STATES DISTRICT JUDGE

# FROSS ZELNICK LEHRMAN & ZISSU, P.C.

**Partners**

Ronald J. Lehrman
Stephen Bigger
Roger L. Zissu
Richard Z. Lehv
David Ehrlich
Susan Upton Douglass
Janet L. Hoffman
Peter J. Silverman
Lawrence Eli Apolzon
Barbara A. Solomon
Mark D. Engelmann
Nadine H. Jacobson
Andrew N. Fredbeck
Craig S. Mende
J. Allison Strickland
John P. Margiotta
Lydia T. Gobena
Carlos Cucuralla
James D. Weinberger
David Donahue
Nancy E. Sabarra
Charles T.J. Weigell III
Laura Popp-Rosenberg
Cara A. Boyle

**Counsel**

James D. Silbarstein
Joyce M. Ferraro
Robert A. Becker
Michael Chiappetta
Tamar Niv Bessinger
Nancy C. DiConza

**Associates**

Karen Lim
Xiomara Triana
Jason Jones
Alexander L. Greenberg
Lesley J. Matty
Giselle C.W. Huron
Anna Leipsic
Leo Kittay
Carissa L. Alden
Jacqueline M. Russo
Todd Martin

April 27, 2012

**BY HAND DELIVERY**

Hon. Paul A. Engelmayer, U.S.D.J.
United States District Court for
    the Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York 10007-1312

Re:    *Lopez v. Gap Inc.*, Case No. 11 CV 3185 (PAE)(JCF) (S.D.N.Y.)
       (Our Ref. No. OLDN USA TC-11/04761)

Dear Judge Engelmayer:

We are counsel for Defendants in the above-referenced action, and we write in response to the letter of today's date submitted by Plaintiff's counsel. Plaintiff's counsel has requested a 5-page enlargement of this Court's 25-page limit for Plaintiff's opposition to our clients' summary judgment motion. Plaintiff's counsel did not seek our consent prior to making their request, and, indeed – while we often do consent to such requests as a professional courtesy under different circumstances – we do not consent here for two reasons.

First, Plaintiff's counsel asserts, without basis, that Defendants' summary judgment brief uses "1.75 line spacing," rather than the double-spacing required by Your Honor. In fact, Defendants' brief is *precisely* double-spaced. As is our usual practice, the brief employs 12 point Times New Roman font formatted in Microsoft Word with the line spacing set at exactly 24 points, *i.e.*, double the line height, for brief text, and exactly 12 points, *i.e.*, single line height, for block quotes and footnotes. (We would be happy to forward a Word version of the brief should the Court require verification.) Since Defendants were able to address the "four separate substantive arguments" to which Plaintiff's counsel refers within the 25-page limit, we see no reason why Plaintiff should not be able to do so as well.[1]

Second, granting Plaintiff an exception from the rule would be prejudicial to Defendants. In their prior letter seeking an extra two weeks to file their brief (to which we consented), Plaintiff's counsel advised the Court that they intend to request that discovery be reopened on certain matters. If Plaintiff makes the strategic decision to use his allotted pages for this purpose, that is certainly his prerogative. But to provide Plaintiff with *additional* pages for such a request, long after discovery has closed, is fundamentally unfair to Defendants.

---

[1] Moreover, counsel's characterization of Defendants' motion as a whole is misleading. The motion seeks judgment on what is effectively a single claim for trademark infringement, and is not unusually complex.

{F1000943.1 }

866 United Nations Plaza at First Avenue & 48th Street | New York, New York 10017
Phone 212.813.5900 | Fax 212.813.5901 | www.frosszelnick.com

Hon. Paul A. Engelmayer, U.S.D.J.
April 27, 2012
Page 2


We therefore respectfully request that the Court deny the enlargement request.  In the event that the Court grants Plaintiff's request, we respectfully request leave to seek an enlargement of the page limit applicable to Defendants' reply brief, if necessary.

Respectfully submitted,

James D. Weinberger

cc:     Robert W. Lehrburger, Esq. (by email)
        Solmaz F. Firoz, Esq. (by email)
        Nivritha Kelly, Esq. (by email)
        Anna P. Leipsic, Esq. (by email)

# Patterson Belknap Webb & Tyler LLP

1133 Avenue of the Americas    New York, NY 10036-6710    212.336.2000    fax 212.336.2222    www.pbwt.com

April 27, 2012

BY HAND DELIVERY

Nivritha C. Ketty
Associate
(212) 336-2429
nketty@pbwt.com

Honorable Paul A. Engelmayer, U.S.D.J.
United States District Court for the Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007

Re:    Robert G. Lopez v. The GAP Inc., *et al.*, No. 11 CV 3185 (PAE)(JCF)

Dear Judge Engelmayer:

As counsel for Plaintiff Robert Lopez, we write in response to Defendants' April 27 letter opposing our request for a modest extra 5 pages for our responding summary judgment brief. Defense counsel has asserted that their Summary Judgment Brief was double-spaced. Standard double-spaced documents, like Defendants' own Answer (Dkt.4), have 23 lines per page. In contrast, Defendants' Summary Judgment Brief has 27 lines per page. When we converted Defendants' Summary Judgment Brief to a Word Document using PDF Converter Professional, the formatting revealed that the additional lines per page were the result of using 1.75 line spacing.[1] Because 4 extra lines appear on each page of Defendant's 25-page brief, in comparison to documents that are formatted as per the Court's rule, Defendants obtained an additional 4.3 pages. But regardless of the extra space taken by Defendants, to effectively respond to all of the arguments raised in Defendants' Summary Judgment Brief, Plaintiff respectfully requests permission to submit a brief up to 30 pages in length.

Respectfully submitted,

Nivritha C. Ketty
Patterson Belknap Webb & Tyler LLP
*Counsel for Plaintiff Robert G. Lopez*

cc:    James D. Weinberger, Esq. (by email)
       Anna P. Leipsic, Esq. (by email)
       Robert W. Lehrburger, Esq.
       Solmaz F. Firoz, Esq.

---

[1] Attached is a screenshot that displays the formatting details for the converted document.